1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARIF K. MUSAYEV,

          Petitioner,

    v.

GARY FLEMING,

          Respondent.

CASE NO.  C04-1281L

REPORT AND
RECOMMENDATION

### I.  INTRODUCTION AND SUMMARY OF CONCLUSION

Petitioner is proceeding *pro se* in this 28 U.S.C. § 2254 habeas corpus challenge to his judgment and sentence.  He contends that his judgment and sentence are invalid because his due process rights were violated.  The alleged due process violations suffered by petitioner include 1) not being read his Miranda rights at the time of his arrest, 2) being denied access to an interpreter at the time of his arrest, 3) not being appointed an attorney until five weeks after his arrest, 4) being held in custody for sixteen months without investigation, 5) waiving his right to a speedy trial against his will, 6) the introduction of improper expert witness testimony at trial, 7) ineffective assistance of counsel, 8) having a biased jury, 9) juror misconduct, and 10) prosecutorial misconduct. Additionally, petitioner contends that he was denied his right to the assistance of his consulate, which is a right guaranteed to him by treaty.  Respondent filed an answer

1  requesting that the court deny the petition on the ground that it is barred by the statute of

2  limitations as set out in 28 U.S.C. § 2244(d)(1).  Having reviewed the record in its

3  entirety, I recommend that petitioner's § 2254 habeas petition be dismissed as untimely

4  pursuant to 28 U.S.C. § 2244(d)(1).

5                      II.  PROCEDURAL HISTORY

6          On December 8, 2000, petitioner was convicted of attempted second degree

7  murder and was sentenced to 116.25 months in jail.  (Dkt. #9, Amended Petition, p. 1).

8  Petitioner appealed to the Washington Court of Appeals.  (Amended Petition, p. 2).  In

9  January 2002, the Court of Appeals affirmed the conviction.  *Id.*  Petitioner sought further

10  review by the Washington Supreme Court.  *Id.*  The Washington Supreme Court denied

11  review on October 8, 2002.  *Id.*  The state Court of Appeals issued its mandate on

12  February 28, 2003.  (Dkt. #13, Answer, p. 2).  The United States Supreme Court denied

13  petitioner writ of certiorari on March 10, 2003.  *Id.*

14          Petitioner filed the current federal habeas petition, at the earliest, on May 24,

15  2004, the date he first signed the petition.[1]  (Dkt. #1).  Petitioner filed his amended

16  petition on July 27, 2004.  (Dkt. #9).  On September 27, 2004, respondent filed an answer

17  contending that the one-year statute of limitations has expired, thus making this petition

18  time-barred.  (Dkt. #13).  On October 10, 2004, petitioner filed a reply wherein he

19  contends that the statute of limitations should be equitably tolled because, during the one-

20  year statute of limitations time period, petitioner was recovering from a stroke that

21  affected his cognitive abilities.  (Dkt. #15).  In support of his claim for equitable tolling,

22

23  ──────────────

24          [1]Federal and state habeas petitions are deemed filed when the pro se petitioner prisoner
delivers them to prison authorities for forwarding to the Clerk of the Court.  See Saffold v.

25  Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, 122 S.
Ct. 2134 (2002).

26  REPORT AND RECOMMENDATION - 2

1  petitioner provided the affidavit of Robert Miller who declares that he has knowledge of

2  petitioner's stroke and has observed the stroke's detrimental effects on petitioner's

3  cognitive abilities. *Id.* Respondent filed a response to petitioner's reply challenging the

4  sufficiency of evidence in support of petitioner's claim of entitlement to equitable tolling.

5  (Dkt. #17). Respondent requests that the Court strike Robert Miller's affidavit because it

6  contains expert testimony, which Mr. Miller is not qualified to render. *Id.*

7      On November 12, 2004, the Court issued an order directing the expansion of the

8  record, which required petitioner to submit medical evidence to support his claim of

9  having suffered a stroke that affected his cognitive abilities. (Dkt. #18). Petitioner

10  responded with a motion to compel requesting that the Court order respondent to produce

11  a copy of petitioner's medical record at no cost to petitioner. (Dkt. #19). On December

12  2, 2004, respondent responded to the motion arguing against providing a free copy of the

13  medical record. (Dkt. #22). Petitioner filed a reply to the response on December 10,

14  2004, and included a copy of a medical report that mentioned petitioner's stroke. (Dkt.

15  #23). On December 28, 2004, petitioner filed a response to the Court's order to expand

16  the record, which included medical documents that contained mention of his stroke.

17  (Dkt. #24). On January 25, 2005, the Court entered an order striking as moot petitioner's

18  motion to compel because he was able to provide to the Court, through his own efforts

19  and through the cooperation of respondent, the relevant medical documents. (Dkt. #25).

20      The Court has considered all the medical documents submitted by petitioner in

21  making its recommendation.

22                       III.  <u>DISCUSSION</u>

23      The Antiterrorism and Effective Death Penalty Act of 1996 ( the "AEDPA")

24  imposes a one-year statute of limitations on habeas corpus petitions filed by state

25  prisoners in federal court. 28 U.S.C. § 2244(d)(1). A petition must be filed within one

26  REPORT AND RECOMMENDATION - 3

year from the date that the state court judgment became final (either by the conclusion of
direct review or the expiration of the time for seeking such review). Id. at § (d)(1)(A). In
the present case, petitioner's state court judgment became final on March 10, 2003, the
date the United States Supreme Court denied the petition for a writ of certiorari. (Dkt.
##9, 13). Consequently, petitioner's time period for filing his habeas petition expired
March 9, 2004. Petitioner did not file his habeas petition until May 24, 2004.

On the issue of equitable tolling, which is permitted under Calderon v. United
States Dist. Ct. (Beeler), 128 F.3D 1283, 1288 (9th Cir. 1997), *overruled in part on other
grounds by* Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998)
(en banc), the Ninth Circuit has made clear that "[e]quitable tolling will not be available
in most cases, as extensions of time will only be granted if 'extraordinary circumstances'
beyond a prisoner's control make it *impossible* to file a petition on time." Calderon, 128
F.3d at 1288 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir.
1997)). (Emphasis added).  The Ninth Circuit further explained in Miles v. Prunty, 187
F.3d 1104, 1107 (9th Cir. 1999), that "[w]hen external forces, rather than a petitioner's
lack of diligence, account for the failure to file a timely claim, equitable tolling of the
statute of limitations may be appropriate."

Petitioner argues that he is entitled to equitable tolling because, during the statute
of limitations period, he suffered a stroke that affected his cognitive abilities.  In support
of his argument, petitioner offers medical documentation and the affidavit of Robert
Miller.  In his affidavit, Robert Miller states that petitioner's stroke affected petitioner's
cognitive abilities, thus rendering him unable to file his habeas petition within the statute
of limitations time period.  In response, respondent argues that Robert Miller's affidavit
should be stricken because he is not an expert and is therefore not qualified to render an
opinion regarding the stroke's effects on petitioner's cognitive abilities.  We need not

REPORT AND RECOMMENDATION - 4

address the admissibility of Robert Miller's affidavit because the medical documents provided are sufficient to help assess whether petitioner would have been able to file his habeas petition within the statute of limitations period.

The medical documents clearly indicate that petitioner suffered a stroke in March 2002 or before. (Dkt. ##23, 24). The record reveals that during that time period, and in spite of the alleged cognitive deficits, petitioner was able to litigate his state court appeal and bring a petition for writ of certiorari. Specifically, his appeal to the Washington Court of Appeals was denied in January 2002 and his appeal to the Washington Supreme Court was denied in October 2002. Subsequently, he petitioned for a writ of certiorari to the United States Supreme Court, which was denied on March 10, 2003. Because petitioner had sufficient cognition to bring these appeals, this Court finds that petitioner's stroke and its effect on his cognitive abilities did not make it *impossible* for him to file his petition on time. Therefore, equitable tolling is not available to him in this case.

### IV.   CONCLUSION

For the reasons stated above, I recommend that the petitioner's federal habeas petition be DENIED and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this  19  day of April, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5